10-3768-ag
Desilva v. Holder

BIA
Vomacka, IJ
A075 807 845

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand eleven.

PRESENT:
    JOSEPH M. MCLAUGHLIN,
    GUIDO CALABRESI,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

DEPACHARIGE PREMARATNA DESILVA,
        *Petitioner,*

        v.                                    10-3768-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Stefanie A. Svoren, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Depacharige Premaratna Desilva, a native and citizen of Sri Lanka, seeks review of an August 23, 2010, order of the BIA affirming the June 15, 2010, decision of Immigration Judge ("IJ") Alan Vomacka denying his motion to reopen his removal proceedings. *In re Depacharige Premaratna Desilva*, No. A075 807 845 (B.I.A. Aug. 23, 2010), *aff'g* No. A075 807 845 (Immig. Ct. N.Y. City Aug. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the agency did not abuse its discretion by denying Desilva's motion to reopen as untimely, as he filed it more than one year after his final order of removal, and number-barred, as it was his second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(1).

Although the time and number limits on motions to reopen may be excused when the movant demonstrates changed

country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4), Desilva failed to argue before the BIA that there had been changed circumstances in Sri Lanka. Similarly, although Desilva argues here that the IJ erred in denying his motion to reopen as a matter of discretion, he did not raise any such argument to the BIA. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, because Desilva failed to challenge the changed conditions finding or discretionary denial in his appeal to the BIA, and because the Government has raised this failure to exhaust, we decline to consider these issues. *See id*. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

Desilva argues, however, that the agency abused its discretion in denying his motion because the time limitation should have been excused based on ineffective assistance of counsel. The deadline for filing a motion to reopen may be equitably tolled to accommodate claims of ineffective

3

assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his rights. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). Here, the agency did not abuse its discretion in determining that Desilva failed to exercise due diligence. Although Desilva had knowledge that the appeal of the denial of his first motion to reopen was dismissed by the BIA in September 2009, he waited more than nine months and until he was detained by the Department of Homeland Security before raising his ineffective assistance of counsel claim, and did not indicate any steps taken to pursue his claim during that time. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to exercise due diligence when, after he knew or should have known of his counsel's ineffective assistance, he waited 14 months to further pursue his case); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007) (holding that waiting eight months after the receipt of relevant documents did not demonstrate due diligence); *Cekic*, 435 F.3d at 172 (denying motion to reopen where petitioners' "submissions in support of their second motion to reopen fail[ed] to provide even the slightest indication that they took any action to protect themselves.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk